PATRICK J. HIGGINS *vs.* TOWN OF SWANSEA. No. 07-P-1224. September 5, 2008. *Motor Vehicle,* Parking. *Administrative Law,* Judicial review.

On May 8, 2006, Patrick Higgins parked his automobile at Case High School in a space designated for handicapped persons without having a handicap parking plate or placard issued by the Registrar of Motor Vehicles in accordance with G. L. c. 90, § 2.[1] The car had only a handicap sticker issued by the University of Massachusetts at Dartmouth. Seeing the vehicle without a handicap plate or placard issued by the Registrar, a police officer of the town of Swansea issued Higgins a parking violation notice with a fine of $100. The notice, as required by c. 90, § 20A, indicated that a hearing might be obtained upon written request; Higgins requested and had such a hearing. The parking clerk upheld the fine despite Higgins's contentions that the University of Massachusetts sticker was sufficient, that his application for a handicapped placard issued by the Registrar had been approved and that a placard would be arriving any day, and that the schedule of fines under c. 90, § 20A, provides that for a first violation the parking clerk shall dismiss the charge without the payment of any fine. Higgins then filed this action for judicial review pursuant to G. L. c. 30A, § 14, but a Superior Court judge affirmed the decision of the parking clerk. This appeal followed.[2]

1. Higgins's claim that the issuance of a sticker by the University of Massachusetts is sufficient is belied by the explicit definitions in the regulations. See note 1, *supra,* and G. L. c. 90, § 2.

2. Higgins points to the second sentence of the fifth paragraph of c. 90, § 20A, which provides that for a first violation subject to that section, the parking clerk shall dismiss the charge without the payment of any fine.[3] The paragraph also sets fines for subsequent offenses. Although, as the town argues in its brief, the statute has a proviso that the second sentence shall not apply if the city or town shall have established a schedule of fines, the statute also sets limits on such schedules. The relevant part of the fifth paragraph of c. 90, § 20A, is set forth in the margin.[4]

Another provision of the General Laws, c. 40, § 22A, second par., as

---

[1]The regulations, 540 Code Mass. Regs. § 17.02 (2001), contain the following definitions:

> "Disability Plate or Plate is a registration number plate issued by the Registrar displaying the international symbol of access.

> "Disability Placard or Placard is a special parking identification permit referenced in [] G. L. c. 90, § 2, of such size and design as the Registrar shall require, to be used by the person to whom it is issued when traveling in a private passenger vehicle . . . ."

[2]The town's motion to accept the addendum to its brief (which we treat as a supplemental appendix) is allowed.

[3]Higgins also refers to G. L. c. 90, § 20A½. However, that section does not contain the clause providing for dismissal of the first violation.

[4]The relevant part of G. L. c. 90, § 20A, fifth par., as amended by St. 2003, c. 46, § 97, provides:

> "Any person notified to appear before the parking clerk . . . may appear . . . and confess the offense charged, either personally or through an agent duly authorized in writing or by mailing to such parking clerk the notice and the fine

amended by St. 2000, c. 384, § 10, provides, however, that a city or town act ing under this section may "restrict[] certain areas . . . for the parking of any vehicle owned and driven by a disabled veteran or handicapped person whose vehicle bears the distinctive number plates authorized by section two of chapter ninety . . . ." It also provides that any penalty for violating such a regulation shall not be less than $100 nor more than $300. The town of Swansea voted in 2005 to authorize the imposition of a $100 fine for the offense of parking in places restricted to disabled persons.

Higgins claims correctly that the cap language in the fifth paragraph of c. 90, § 20A, does not by its terms authorize the $100 fine. As previously indicated, however, c. 40, § 22A, authorizes and indeed mandates a minimum $100 fine. "Principles of statutory construction assist in resolving this apparent conflict. It is well established, that statutes alleged to be inconsistent with each other, in whole or in part, must be so construed as to give reasonable effect to both, unless there be some positive repugnancy between them. We think the more reasonable approach, one consistent with long-standing practice in the courts of the Commonwealth as well as generally accepted canons of construction, is to view [an issue], governed by the specific provisions of [a statute], as constituting an exception to the general practice set forth [in another statute]" (internal quotation marks and citations omitted; first alteration in original). *Schwartz* v. *Travelers Indem. Co.*, 50 Mass. App. Ct. 672, 677 (2001). Since c. 40, § 22A, providing fines for parking in handicapped restricted areas, is more specific than the general provisions as to parking set forth in c. 90, § 20A, we view the former statute as an exception to the latter. The fine imposed upon Higgins is thus authorized and not in violation of statutory authority.

3. Contrary to Higgins's contention, the dimensions of the handicap space at Case High School, even if not constructed in accordance with 521 Code Mass. Regs. §§ 23.00 et seq. (2006), are irrelevant in determining whether Higgins parked in a space designated for handicapped persons.

We have reviewed Higgins's other claims and consider them without merit.

*Judgment affirmed.*

The case was submitted on briefs.

*Patrick J. Higgins*, pro se.

*Arthur D. Frank, Jr., & Brian J. Sullivan* for the defendant.

provided herein . . . . If it is the first violation subject to this section committed by such person in a particular city or town in the calendar year, the parking clerk shall dismiss the charge without the payment of any fine; if it is the second, third or fourth violation so committed in such city or town in the calendar year, payment to the parking clerk of a fine of five dollars for each such violation shall operate as a final disposition of the case; and if it is the fifth or subsequent violation so committed in such city or town in the calendar year, payment to the parking clerk of a fine of ten dollars for each such violation shall operate as a final disposition of the case; provided, however, that the provisions of this sentence shall not apply to any violation subject to this section committed in any city or town wherein the city council or board of aldermen, town council, board of selectmen, or traffic commission or traffic director having authority to promulgate traffic rules shall have established by municipal rule, regulation, ordinance or by-law a schedule of fines for such violations. The schedule of fines shall be uniform for the same offense committed in the same zone or district, if any, and shall not exceed $25 if paid within 21 days, $35 if paid thereafter but before the parking clerk reports to the registrar as provided below, and $50 if paid thereafter. . . ."